**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sky Jet AG, | No. CV-17-04709-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Honeywell International Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Honeywell International Incorporated ("Honeywell's") Motion to Dismiss for Failure to State a Claim (Doc. 19). For the following reasons, the Motion is denied.

## BACKGROUND

Sky Jet AG ("Sky Jet") owned and operated a Hawker Model 125-8000 Aircraft. (Doc. 13 at ¶ 5). In 1993, Sky Jet purchased this aircraft. (*Id*. at ¶ 6). To ensure the aircraft was properly maintained, Sky Jet has continuously contracted with Honeywell for support services. (Doc. 13 at ¶ 8). Two of these maintenance service plans are at issue here: the 2006 MSP Contract, and the 2013 MSP Contract. (Doc 13 at ¶ 14; Doc. 13-1). The 2013 MSP Contract contains a limited liability provision, which provides that "IN NO EVENT SHALL HONEYWELL BE LIABLE FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES." (Doc. 13-1 at 13).

In 2006, Honeywell replaced the aircraft's electronic engine controller with a digital engine controller. (Doc. 13 at ¶ 14). Following this upgrade, the aircraft began to

experience issues that prevented it from operating properly. (Doc. 13 at ¶ 15). These issues became significantly worse in 2015, when the aircraft experienced many days on the ground. (Doc. 13 at ¶ 16). After trying several different methods to fix the ongoing issues, Honeywell and Sky Jet agreed to downgrade the digital engine controller back to the electric engine controller that was replaced in 2006. (Doc. 13 at ¶ 27). This ultimately fixed the issues that Sky Jet was having with the aircraft. (Doc. 13 at ¶ 28).

In 2017, Sky Jet submitted a formal claim to Honeywell that sought damages for the malfunctions of the aircraft from 2006 to 2016. (Doc. 13 at ¶ 40). Honeywell rejected Sky Jet's request, so Sky Jet filed this lawsuit. In its First Amended Complaint ("FAC"), Sky Jet raises four grounds for relief: breach of contract, breach of the covenant of good faith and fair dealing, negligence, and unjust enrichment. (Doc. 13 at 1).

There are two issues raised by Honeywell in its Motion to Dismiss (Doc. 19): (1) whether Sky Jet's claim for consequential and incidental damages is barred by the limitation-of-loss language in the 2013 MSP Contract, and (2) whether Sky Jet's breach of contract claim as to Honeywell's 2006 conduct is barred by the Arizona statute of limitations.

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II.     Analysis

### A.     Whether the Liability Limitation in the MPC is Enforceable

In Arizona, limitation of liability clauses can be held unenforceable if one party acted fraudulently or in bad faith. *Airfreight Inc. Ltd v. Evergreen Air Center Inc.*, 215 Ariz. 103, 110-111, 158 P.3d 232, 239-240 (Az. Ct. App. 2007). "As a matter of public policy, a party should not benefit from a bargain it performed in bad faith." *Id.* at 111.

In its reply, Honeywell argues that *Airfreight* is limited to the *tort* of bad faith, and therefore Sky Jet's claim that Honeywell breached the covenant of good faith and fair dealing does not prevent the Court from enforcing the limitation of liability clause. Honeywell further asserts that this Court would have to first determine that a "special relationship" exists between Honeywell and Sky Jet. (Doc. 30 at 5). Since Sky Jet didn't plead the tort of bad faith, Honeywell asserts that nothing prevents the enforcement of the limitation of liability clause as a matter of law. (Doc. 30 at 6).

But Honeywell misreads the holding of *Airfreight*. In *Airfreight*, the Arizona Court of Appeals cited authority regarding the general breach of the covenant of good faith and fair dealing—not the tort of bad faith. *See Airfreight Exp. Ltd*, 215 Ariz. at 111 (citing *Rawlings v. Apodaca*, 151 Ariz. 149, 153 726 P.2d 565, 569 (1986) ("The essence of [the

duty of good faith and fair dealing] is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship"); *Beaugureau v. Beaugureau*, 11 Ariz. App. 234, 236, 463 P.2d 540, 542 (1970) (same); The Restatement (Second) of Contracts § 205).[1]  And the Arizona Court of Appeals did not undertake a "special relationship" analysis in *Airfreight*—which undercuts Honeywell's claim that a "special relationship" must exist for *Airfreight* to apply here.  Finally, Honeywell does not point to any other Arizona case law supporting its reading of the holding in *Airfreight*—it only argues that Sky Jet has not sufficiently pled the tort of bad faith in its complaint.[2]  (*See* Doc. 30 at 3-5).  Because *Airfreight* only requires a Defendant to demonstrate a breach of the covenant of good faith and fair dealing, Honeywell's request to limit damages fails at this stage.[3]

### B.   Whether the Breach of Contract Claim as to the 2006 Repairs is Barred Under the Arizona Statute of Limitations.

In Arizona, there is a six-year statute of limitations for a breach of a written contract. A.R.S. § 12-548.  This six-year period begins when "the cause of action accrues." *Id*.  A cause of action accrues when "the plaintiff knows or with reasonable diligence should know the facts underlying the case." *Doe v. Roe*, 191 Ariz. 313, 322 955 P.2d 951, 960 (1998).  The facts underlying the case may include "the injury, or *the act causing* the injury." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 589, 898 P.2d 964, 967 (1995) (emphasis added).

---

[1] Indeed, the other persuasive state law authority that the Arizona Court of Appeals cites in adopting the rule *also* discusses the covenant of good faith and fair dealing rather than the tort of bad faith. *See Airfreight*, 215 Ariz. at 110-111.

[2] Honeywell cites an unpublished order in *Raymond & Associates v. Honeywell*, 14-Cv-00884-PHX-PGR (D. Ariz. 2014) as an instance where a Court has found that a Plaintiff was not entitled to consequential damages even where a fraud claim was at issue. But the Court in *Raymond* only decided that the Plaintiff was not entitled to consequential damages *after* it dismissed Plaintiff's fraud claim.  So it is not analogous to the situation here, where Honeywell is not even challenging Sky Jet's bad faith contract claim at this stage.

[3] Because this analysis is sufficient to resolve Honeywell's Motion to Dismiss as to consequential and incidental damages, the Court will not address the parties' arguments as to Sky Jet's negligence and failure of essential purpose claims.

Honeywell argues that because the FAC acknowledges that Sky Jet was aware of ongoing issues back in 2006, the breach of contract as it relates to the 2006 "fault" is barred by the statute of limitations. But none of the language in the FAC demonstrates that Sky Jet knew the cause of the malfunctions back in 2006. Even Honeywell's own representative in 2016 acknowledged that there was still not a "root cause explanation" for the issue. (Doc. 13, ¶ 30). Taking the factual allegations in the light most favorable to Sky Jet, it may not have reasonably discovered the cause of the issues until 2016. Honeywell's Motion to Dismiss on this ground is, therefore, denied.

**IT IS THEREFORE ORDERED** that Honeywell's Motion to Dismiss (Doc. 19) is **DENIED**.

Dated this 18th day of December, 2018.

G. Murray Snow
Chief United States District Judge